VIDAL'S HEIRS *vs.* DUPLANTIER.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

A last will and testament should first be admitted to probate, and ordered to be executed by some competent tribunal, at the place where the succession of the testator is opened, before it can be made the basis of a title or claim to property by those inheriting under it.

A certified *copy* from *a copy* of a Spanish record of the judicial proceedings and adjudication of property, ordered to be deposited and kept in the archives of the Spanish government at Baton Rouge, is legal and admissible evidence of the matters to which it relates. Only a copy of

the judicial proceedings according to the practice of the Spanish government was kept, in relation to the administration of estates, when the property was situated in different jurisdictions.

This case was formerly before this court. The facts and evidence are fully stated in the report then made of it. See 7 *Louisiana Reports,* 37.

After the first decision was pronounced in this case, it was discovered that the copy of the will of Vidal in the record was imperfect; the signatures of the testator and witnesses having been omitted. On showing to the court this imperfection, and on producing a true copy of the will with all the signatures to it in due form, a re-hearing was allowed.

*D. Seghers* and *Pichot,* argued for the plaintiff in the re-hearing.

*A. N. Ogden,* contra..

*Bullard, J.,* delivered the opinion of the court.

In this case, which was decided at August term, 1834, (see 7 Louisiana Reports, 37,) a re-hearing was allowed, on its being satisfactorily shown that a copy of the testament in the transcript was imperfect, and that in fact the testament was not signed by the testator and the witnesses. We have, therefore, re-considered the case upon other points made in the argument.

A last will and testament should first be admitted to probate, and ordered to be executed by some competent tribunal, at the place where the succession of the testator is opened, before it can be made the basis of a title or claim to property, by those inheriting under it.

It does not appear that the will of Vidal was ever ordered to be executed by any tribunal at the place where this succession was opened; on the contrary, it is shown that his estate was not administered as intestate, under the authority of a Spanish tribunal at Pensacola, while that place and Baton Rouge, where the land is situated, remained under the authority of Spain. In order to show that the land in question had been alienated by judicial authority to pay the debts of Vidal, the defendant offered in evidence a copy of a record remaining in the archives at Baton Rouge, certified by Governor de Grand Pré, from which it would appear that in pursuance of a decree rendered by the Governor at Pensa-

cola and transmitted to him, he had adjudicated the said land to the last and highest bidder. The defendants set up title under the purchaser at that sale or *remate*. Various objec‑ tions were made to the introduction of the document in evidence, and the court having overruled them, a bill of exceptions was taken. These exceptions were : 1st, that the document is alleged to be, and so appears on its face, a copy of a copy, and not the best evidence ; 2d, that it is not legal evidence of a decree recited by it for the sale of Vidal's lands; 3d, that it is not legal evidence of the meeting therein recited, nor of the proceedings of such meeting ; 4th, that it does not correspond with the allegations in the answer which refers to an original decree for the sale of the lands.

The document, or rather documents in the record, bear various certificates, signed by Carlos de Grand Pré. One of them, which is annexed to a copy of a decree, is in the following form : " Es conforme al despacho original que se ha recibido ultimamente de la plaza de Panzacola y dili- gencias praticadas en su consecuencia hasta el dia de hoy." The proceedings which took place in pursuance of this *despacho*, remained a matter of record at Baton Rouge, and among others, the final judgment of *remate* or adjudication of the law. It appears from another certificate, that the original proceedings were remitted to Pensacola, a *testimonio* of them being ordered to be kept in the archives at Baton Rouge. The copy is, therefore, a copy of a record in a judicial proceeding, and was, in our opinion, properly received, it appearing to conform to the practice of the Spanish tribunals in relation to the administration of estates, when the property is situated in different jurisdictions. These proceedings show, that the land in dispute was sold by competent authority, to pay the debts of Vidal, the testator.

A certified *copy*, from *a copy of a Spanish record of the judicial proceedings and adjudication of property, ordered to be deposited and kept in the archives of the Spanish government, at Baton Rouge, is legal and admissible evidence of the matters to which it relates. Only a copy of the judicial proceedings, according to the practice of the Spanish government, was kept, in relation to the administration of estates, when the property was situated in different jurisdictions.*

It is, therefore, ordered, adjudged and decreed, that the judgment first pronounced by this court remain undisturbed.